UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No.  23-10129 |
| ) | |
| v.  ) | Violations: |
| ) | |
| TOD ERICKSON, ) | Count One: Wire Fraud |
| ) | (18 U.S.C. § 1343) |
| Defendant ) | |
| ) | Count Two: Filing a False Tax Return |
| ) | (26 U.S.C. § 7206(1)) |
| ) | |
| ) | Forfeiture Allegation: |
| ) | (18 U.S.C. § 981(a)(1)(C) and |
| ) | 28 U.S.C. § 2461(c)) |
| ) | |

## INFORMATION

At times relevant to this Information:

### General Allegations

1. Defendant TOD ERICKSON ("ERICKSON") lived in Londonderry, New Hampshire.

2. Company A was a Canadian telecommunications company. Until February 2019, Company A had an office in Chelmsford, Massachusetts ("the Chelmsford Office").

3. From approximately April 2008 to February 2019, ERICKSON was Company A's Information Technology Manager at the Chelmsford Office. Among ERICKSON's duties and responsibilities was the purchase of computer equipment for use in Company A's business.

4. The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering and enforcing federal tax laws.

Overview of the Scheme to Defraud

5. Between approximately January 2012 and February 2019, ERICKSON engaged in a scheme to obtain money and property by stealing computer equipment from Company A.

6. It was part of ERICKSON's fraudulent scheme that he submitted purchase requests for computer equipment that Company A did not need.

7. It was further part of ERICKSON's fraudulent scheme that he sold the computer equipment that he requisitioned on Company A's behalf over eBay and used the proceeds from these illicit sales for his personal benefit.

8. It was further part of ERICKSON's fraudulent scheme that he lied to a Company A supervisor, who had asked ERICKSON why the Chelmsford Office had been purchasing so much computer equipment for an office that was scheduled to close. Specifically, on or about January 8, 2019, in response to the supervisor's inquiry, ERICKSON falsely emailed the supervisor that he had ordered the computer equipment to replace missing components that ERICKSON was sending to other Company A locations in connection with the winddown of the Chelmsford Office.

9. Over the course of the scheme, ERICKSON received approximately $1.4 million from his sale of Company A's computer equipment to third parties.

Overview of the Filing False Tax Returns

10. ERICKSON also failed to report income he received from selling Company A's computer equipment on his federal income tax filings.

11. Specifically, during the 2016 tax year, ERICKSON received approximately $123,613 in income from Company A. During the same period, he also received approximately $201,427.06 from selling Company A's computer equipment over eBay.

12. On or about March 22, 2017, ERICKSON caused his tax preparer to file a Form 1040 for the tax year 2016 in which ERICKSON, under penalty of perjury, understated his income and decreased his tax liability by failing to declare any income from the sale of Company A's computer equipment.

<u>COUNT ONE</u>
Wire Fraud
(18 U.S.C. § 1343)

The United States Attorney charges:

13. The United States Attorney re-alleges and incorporates by reference paragraphs 1 to 12 of this Information.

14. On or about January 8, 2019, in the District of Massachusetts and elsewhere, the defendant,

TOD ERICKSON,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did, for the purpose of executing and attempting to execute the scheme, transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, to wit, by sending the email described in paragraph 8 of this Information to his Company A supervisor in Canada in which ERICKSON lied about the purchase of computer equipment in Company A's name.

All in violation of Title 18, United State Code, Section 1343.

COUNT TWO
Filing a False Tax Return
(26 U.S.C. § 7206(1))

The United States Attorney further charges:

15. The United States Attorney re-alleges and incorporates by reference paragraphs 1 to 12 of this Information.

16. On or about March 22, 2017, in the District of Massachusetts and elsewhere, the defendant,

TOD ERICKSON,

did willfully make and subscribe a joint Amended United States Individual Tax Return, Form 1040, for the tax year 2016, which was verified by a written declaration that it was made under the penalties of perjury, and which was filed with the Internal Revenue Service, and which return the defendant did not believe to be true and correct as to every material matter, in that, among other items, the return reported an adjusted gross income of $122,947, when, defendant then and there knew that the gross income he actually received for the tax year 2016 substantially exceeded the amount reported.

All in violation of Title 18, United States Code, Section 7206(1).

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

17. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343, set forth in Count One, the defendant,

TOD ERICKSON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

18. If any of the property described in Paragraph 17, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 17 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

Respectfully submitted this 4th day of May 2023.

RACHAEL S. ROLLINS<br>
United States Attorney<br><br>
By: _____<br>
MACKENZIE A. QUEENIN<br>
ASSISTANT U. S. ATTORNEY